UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-79-KKC-1 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ROBERT HENSON, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 26, 2010,[1] Defendant/Movant Robert Henson filed a 28 U.S.C. § 2255 motion. *See* DE #159 (Motion to Vacate). Upon initial review, the Court perceived the motion as time-barred. The Court provided notice to Henson and afforded him an opportunity to submit any information supporting equitable tolling of the statute of limitations or any other timeliness argument. Defendant/Movant properly responded. *See* DE #161 (Response).

Upon careful consideration, and for the reasons detailed below, the Court **RECOMMENDS** that the District Judge **DISMISS** the section 2255 motion. The motion is time-barred.

**I. Statute of Limitations**

Henson agrees with the Court's conclusion as to general timeliness. *See* DE #161 at 2 ("Unfortunately, petitioner's motion was out of time by two days."). Even giving Defendant/Movant every possible benefit of the doubt, he has missed the statutory deadline for timely filing his section 2255 motion.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam).

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 reads in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

District Judge Caldwell entered judgment on September 9, 2008. *See* DE #117 (Judgment). Eleven days later, and one day beyond the deadline to file a notice of appeal, Henson moved for counsel to assist with an appeal. *See* DE #121 (Motion to Appoint Counsel). On November 6, 2008, Judge Caldwell ordered the Clerk of Court to file a notice of appeal on Defendant/Movant's behalf and noted that the United States Court of Appeals for the Sixth Circuit would determine any appointment of counsel. *See* DE #122 (Order). The appeals court appointed counsel, who ultimately filed an *Anders* brief and moved to withdraw. *See* DE #135 (Order of Sixth Circuit to appoint counsel); DE #145 (Letter from Henson documenting notice of withdrawal of counsel). On August 26, 2009, the Sixth Circuit dismissed Defendant/Movant's appeal, finding Henson's plea, conviction, and sentence proper. *See* DE #149 (Order of Sixth

Circuit dismissing the appeal). Defendant/Movant had until November 24, 2009, to petition the United States Supreme Court for a writ of certiorari, but did not petition. *See* Sup. Ct. R. 13(1) ("within 90 days after entry of the judgment"). On December 30, 2009, Henson moved under 18 U.S.C. § 3582 to reduce his sentence. *See* DE #151 (Motion for Retroactive Application of Sentencing Guidelines). Judge Caldwell denied that motion on January 7, 2010. *See* DE #152 (Order). Henson filed the instant section 2255 motion on November 26, 2010.

On these facts, Defendant/Movant's section 2255 motion plainly falls beyond the one-year statute of limitations. Even if the Court charitably construes Henson's September 20, 2008, motion for counsel as a proper notice of appeal, he lost one day by not filing a notice of appeal within ten days.[2] *See* Fed. R. App. P. 4(b) (2008 ed.) (outlining ten-day requirement); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to the court of appeals").[3] Defendant/Movant then lost no more time until November 24, 2009, when the time for petitioning the United States Supreme Court expired. *See* Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); *Clay v.*

---

[2] The Sixth Circuit permitted the appeal to proceed, despite this question about timeliness. *See* DE #149 (Sixth Circuit dismissal of appeal with discussion of merits). In this procedural-dismissal posture, affording Defendant/Movant the benefit of the doubt as to timeliness calculations, the Court assumes only one day expired.

[3] The *Sanchez-Castellano* holding leaves some room for interpretation, where Henson missed the ten-day period for filing an appeal and late-filed a request for counsel, but still had the merits of his untimely appeal considered by the Sixth Circuit. However, even were the Court to assume that Defendant/Movant lost no time on direct appeal, his section 2255 motion would still be time-barred.

3

*United States*, 123 S. Ct. 1072, 1079 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). On that day, Henson had 364 days remaining in which to file his section 2255 motion.[4] However, Defendant/Movant failed to file the motion until November 26, 2010, which means he late-filed the motion, and thus missed the statute of limitations. Notably, the section 3582 motion, even had it been granted, has no effect on the section 2255 statute of limitations. *See* 18 U.S.C. § 3582(b) (describing the original judgment as the final judgment "for all other purposes" even if later modified); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004). Accordingly, Henson missed the statutory one-year time period available for filing a section 2255 motion.

## II. Equitable Tolling

Henson contends that equitable tolling applies, based on a freestanding claim of actual innocence. *See* DE #161 at 3-4. Prior to the show-cause response, Defendant/Movant had not suggested actual innocence.

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling is permissible in some circumstances. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day*, 126 S. Ct. at 1681); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the AEDPA

---

[4] If that one day did not elapse, his limit would have been 365 days from November 24, 2009. The Sixth Circuit utilizes the anniversary method for calculating the statute of limitations. *See Merriweather v. City of Memphis*, 107 F.3d 396, 400 (6th Cir. 1997). Given that Henson filed his section 2255 motion on November 26, 2010, two days after the November 24 anniversary date, he even missed the statutory one-year period under the most generous possible construction of the instant facts.

4

limitation period, the Supreme Court has remarked, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). Under this analysis, applied in most circumstances, the Sixth Circuit considers the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen*, 366 F.3d at 401. Courts also evaluate a case for the existence of "extraordinary circumstances" sufficient to warrant equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63.

However, a credible showing of actual innocence may equitably toll the AEDPA statute of limitations in this circuit. *See Casey v. Tennessee*, No. 09-5362, 2010 WL 3681224, at *1 (6th Cir. 2010) (slip copy) (citing *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005)).[5] This ground for equitable tolling stands separate and apart from the generally applied factors-based *Allen* analysis and relies instead on a desire to prevent a fundamental miscarriage of justice. *See Souter*, 395 F.3d at 599. As the Supreme Court has noted, "[a] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 113 S. Ct. 853, 862 (1993). However, the actual innocence exception requires factual innocence,

---

[5] The First, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits have rejected an actual innocence exception. *See Palmer v. United States*, No. 3:08CV16-GCM-DSC, 2010 WL 5621338, at *4 (W.D.N.C. Dec. 22, 2010) (slip copy) (collecting cases).

5

"not mere legal insufficiency." *See Bousley*, 118 S. Ct. at 1611. The movant's actual innocence burden "at the gateway stage is to demonstrate that more likely than not . . . no reasonable juror would find [movant] guilty beyond a reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006).

Henson never contends that the statute of limitations should be tolled under the general factors-based analysis and instead relies only on the actual innocence exception.[6] However, while he advocates that actual innocence should equitably toll the AEDPA statute of limitations here, Henson makes no appropriate showing to meet the gateway burden. Neither "innocent" nor "innocence" appear at all in Defendant/Movant's section 2255 motion. *See* DE #159. Henson openly avers that the operative facts for his ineffective assistance and sentence claims appear nowhere in the record before the Court. *See id.* at 6, 7, 9. Defendant/Movant even advises that he "does not contest the strategic strategy of counsel." *See id.* at 6. Likewise, in Henson's response to this Court's show-cause order, he only contends that he could show a "miscarriage of justice" in the case "if granted an evidentiary hearing." *See* DE #161 at 4. At no point does Defendant/Movant really claim factual innocence, much less make any showing of same sufficient to establish a need for an evidentiary hearing. The section 2255 motion focuses on ineffective assistance and the reasonableness of the sentence, not the facts of the underlying criminal conduct. The response to the show-cause order does not even address the facts of the

---

[6] The Court notes that, under the factors-based analysis, equitable tolling would not apply to Henson's motion. Nothing in the record suggests that Defendant/Movant lacked actual or constructive notice of the filing requirement under section 2255, nor does the Court find any evidence of reasonable ignorance of the legal requirement to file the claim. While Henson's filing of the section 3582 motion reflects some diligence as to sentencing guideline calculations, that motion showed no diligence regarding the three issues raised in the section 2255 motion (to wit: ineffective assistance, due process denial, and sentencing error). Defendant/Movant has alleged no extraordinary circumstances that stood in his way.

actual conviction.

At most, Henson appears to contend that the sentence is not valid because underlying state convictions should not have enhanced the applicable sentence under 21 U.S.C. § 841. *See* DE #161 at 4 ("Specifically, petitioner contends that by federal standards his prior drug convictions do not qualify . . . for purposes of statutory enhancement[.]"). Movant provides no analysis for this conclusory claim. Henson does not argue that he did not commit the offense of conspiring to distribute 50+ grams of crack cocaine. This computes, given the plea agreement (where Henson admitted specific facts supporting the conspiracy, *see* DE #62 at ¶ 3-4), the rearraignment colloquy (where Henson endorsed the plea agreement's concessions under oath, *see* DE #137 at 25-26), and the sentencing (where Henson accepted responsibility for his crime, *see* DE #138 at 7). Rather, Movant claims sentencing innocence, a distinct matter that may not extend to noncapital crimes. *See Ross v. Berghuis*, 417 F.3d 552, 557 (6th Cir. 2005) (addressing but not reaching the issue) (citing *Dretke v. Haley*, 124 S. Ct. 1847 (2004), and noting that the Supreme Court has also identified but not reached the issue). Likewise, this Court need not reach the merits of that complex topic.

Even if sentencing innocence reached the instant matter, a non-capital conviction, as a theory, Henson offers nothing to undercut consideration of the state convictions. He expressly admitted application of the convictions and their sentencing effects in the Plea Agreement. *See* DE #62 (Plea Agreement) at ¶¶ 4, 8. Henson – who offers no facts – in no way approaches a threshold showing. Notably, "'[w]ithout any new evidence of innocence, even a concededly meritorious constitutional violation is not in itself sufficient' to reach the merits of a time-barred claim." *See Connoly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schulp v. Delo*,

7

115 S. Ct. 851, 861(1995)). Thus, even if Henson could prove all of his section 2255 contentions, he has not met the gateway showing for actual innocence. Defendant/Movant had a full and fair opportunity to contest the merits of the claims against him before choosing to enter a plea agreement with the Government that required him to admit that the United States could prove essential facts beyond a reasonable doubt. *See* DE #62 at ¶ 3, 4, 8; *McSwain v. Davis*, 287 F. App'x 450, 462 (6th Cir. 2008) (addressing when evidentiary hearings should be held). At rearraignment, Henson answered questions under oath that support and admit factual guilt, both as to the conduct and as to the sentencing elements. *See* DE #137 (Transcript of Rearraignment) 25 at lns. 16-22, 26 at lns. 13-15, 27 at lns. 10-14. For these reasons, where Defendant/Movant has submitted no evidence and not even any description of any possible exculpatory evidence, the Court need not hold an evidentiary hearing, and equitable tolling plainly does not apply.

**III. Certificate of Appealability**

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

No Certificate of Appealability should issue for Henson because no jurists of reason would find the Court's ruling debatable. Defendant/Movant, who attested to operative facts under oath at his plea colloquy, now baldly claims actual innocence as a basis for equitable tolling. However, this actual innocence claim does not relate directly to claims raised in his section 2255 motion, and even if the Court were to apply an "innocent of punishment" theory here, Henson has submitted no evidence or even a summary of potential evidence to support actual innocence. At his rearraignment, Defendant/Movant affirmed under oath both the facts underlying the instant conviction and the applicability of the prior convictions for sentencing purposes. He does not validly contradict that record in this matter.

## IV. Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DISMISS** Defendant/Movant's motion for section 2255 relief. Because the filings and records establish conclusively that Henson should receive no section 2255 relief, the Court need not conduct an evidentiary hearing. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and

file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3d day of February, 2011.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge