UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO.  5:08-cr-79-KKC-1

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT
                               AND RECOMMENDATION**

ROBERT HENSON,                                                         DEFENDANT.

*** *** *** ***

On March 26, 2013, *pro se* Defendant Robert Henson filed a motion pursuant to 28 U.S.C. §
2255 requesting that the Court vacate his conviction and sentence. [Record No. 188]. Consistent
with local practice, this matter has been referred to the undersigned for preparation of a report
and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it
will be recommended that the Defendant's motion be referred to the Sixth Circuit as a second or
successive habeas petition.

The Antiterrorism and Effective Death Penalty Act, ("AEDPA"), mandates that, if a
movant has previously filed a habeas petition, "the applicant shall move in the appropriate court
of appeals for an order authorizing the district court to consider the application" before a district
court can consider the second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). In
reviewing this portion of AEDPA, the Supreme Court has noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals
> before filing a second habeas petition in the district court. But this requirement
> simply transfers from the district court to the court of appeals a screening function
> which would previously have been performed by the district court as required by
> 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996). The Supreme Court has clearly held: "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

On September 5, 2008, Henson was sentenced to 180 months imprisonment, to be followed by ten (10) years of supervised release, as a result of his plea of guilty to conspiracy to distribute fifty (50) or more grams of a substance containing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record Nos. 9, 117]. On December 3, 2010, Henson filed a Motion to Vacate under 28 U.S.C. § 2255, challenging his conviction and sentence. [Record No. 159]. After conducting an initial review of the motion, Magistrate Judge Robert Wier ordered Henson to show cause why his § 2255 motion should not be dismissed as barred by the applicable statute of limitations. [Record No. 160]. After receiving Henson's response, Magistrate Judge Wier found that Henson had not met his burden for application of equitable tolling and, therefore, recommended Henson's motion be dismissed as time barred under the statute of limitations. [Record No. 162]. On March 4, 2001, the district judge overruled Henson's objections to Magistrate Judge Wier's Report and Recommendation, adopted the recommendation, and dismissed Henson's Motion to Vacate. [Record No. 164]. On March 26, 2013, Henson filed the instant Motion for 28 U.S.C. § 2255, requesting his sentence be corrected or vacated as a result of ineffective assistance of counsel. [Record No. 188].

Henson has clearly filed a second or successive habeas petition. As a result, the AEDPA and relevant precedent plainly dictate that the District Court lacks jurisdiction to rule on the instant motion. The screening function for successive petitions has been statutorily vested in the

court of appeals, thus depriving this Court of jurisdiction to hear Henson's case. In order to cure

this lack of jurisdiction, the Sixth Circuit counsels that:

> when a prisoner has sought § 2244(b)(3) permission from the district court, *or when a second or successive petition for habeas relief* or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court *shall* transfer the document to this court pursuant to 28 U.S.C. § 1631.

In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (emphasis added). The panel in Sims noted that some

district courts were dismissing the petitions for lack of jurisdiction and held that, when faced

with what appears to be a successive petition, a district court shall transfer the case instead of

dismissing it. Id., *citing* Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

Henson has not been granted authorization for a successive petition under §

2244(b)(3)(A). Consequently, the undersigned recommends that this matter be transferred to the

Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether

Henson will be granted authorization to file a second or successive habeas petition.

Accordingly, having considered the matter fully, and the Court being otherwise sufficiently

advised,

IT IS RECOMMENDED that this matter be transferred to the Sixth Circuit Court of

Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether the Defendant will be

granted authorization to file a second or successive habeas petition.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing

this Report and Recommendation.  Specific objections to this Report and Recommendation must

be filed within fourteen (14) days from the date of service thereof or further appeal is waived.

United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815

(6th Cir. 1984).  General objections or objections that require a judge's interpretation are

3

insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 2, 2013.

Signed By:

Edward B. Atkins   EBA

United States Magistrate Judge